UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OSCAR BAYONA CORZO,<br><br>Petitioner,<br><br>v.<br><br>BRUCE SCOTT, WARDEN, Northwest ICE Processing Center, ET AL.,<br><br>Respondents. | CASE NO. 2:26-cv-02508-JHC<br><br>ORDER |

## I

## INTRODUCTION

This matter comes before the Court on Oscar Bayona Corzo's Amended Petition for Writ of Habeas Corpus. Dkt. # 12. The Court has revied the materials filed in support of and in opposition to the Petition, the rest of the record, and the governing law. Being fully advised, for the reasons below, the Court GRANTS the Petition. Dkt. # 12.

## II

## BACKGROUND

Petitioner is a native and citizen of Colombia. Dkt. # 12 at 4. Along with his wife and two minor children, Petitioner entered the United States on or about April 2, 2023, and was detained by the United States Border Patrol the next day. Dkt. # 12 at 4. On April 4, 2023,

Border Patrol served Petitioner a Notice to Appear (NTA) charging him as inadmissible under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA) and released him on an Order of Release on Recognizance (OREC). Dkt. # 12 at 7; *see also* Dkt. # 17 at 2. The OREC included a condition stating, "You must not violate any local, State or Federal laws." Dkt. # 18-1 at 2. Around the same time, Petitioner filed a still-pending asylum case. Dkt. # 12 at 7.

Two years later, on June 4, 2025, Petitioner was convicted in Idaho state court of "Motor Carrier—Failure to Stop at Checking Station as Required." Dkt # 17 at 2. On April 17, 2026, Petitioner was charged with Domestic Battery or Assault in the Presence of a Child. Dkt. # 12-3 at 3. On May 15, 2026, Petitioner entered into a plea agreement to the lesser charge of Disturbing the Peace, and was sentenced to 28 days in jail in Ada County, Idaho. *Id*. While in jail, Petitioner was placed on an immigration detainer by Immigration and Customs Enforcement (ICE). Dkt. # 18-2 at 2–3. On May 16, 2026, Petitioner was transferred into ICE custody, and he arrived at the Northwest ICE Processing Center in Tacoma, Washington on May 19, 2026. Dkt. # 17 at 2.

On May 26, 2026, Petitioner appeared before an Immigration Judge (IJ) for a bond hearing. Dkt. # 12-1 at 2. The IJ denied bond, ruling that it did not have jurisdiction because Petitioner's detention is mandatory under 8 U.S.C. § 1225(b). *Id*. In the alternative, the IJ ruled that it would set bond at $5,000, as Petitioner does not present a flight risk nor a danger to the community. *Id.*

Petitioner then filed a pro se Petition for Writ of Habeas Corpus. Dkt. # 4. He then obtained counsel, *see* Dkt. ## 9, 10, & 11 and filed the instant Amended Petition. *See* Dkt. # 12.

## III
## DISCUSSION

Federal district courts may grant a writ of habeas corpus if a person "is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241 (a), (c). "The petitioner carries the burden of proving by a preponderance of the evidence that [they are] entitled to habeas relief." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004). Petitioner claims that his re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment to the United States Constitution. *See* Dkt. # 12 at 9–12.

The Court first considers the statutory authority governing Petitioner's case. The Government claims Petitioner is held under 8 U.S.C. § 1225(b)(2)(A), which requires mandatory detention for noncitizens "seeking admission" into the United States. Dkt. # 16 at 1–4. Both the Ninth Circuit and courts in this District have routinely rejected this argument in cases with essentially identical fact patterns. *See Del Valle Castillo v. Wamsley*, 2025 WL 3524932, at *5 (W.D. Wash. Nov. 26, 2025) (collecting cases); *see also Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1164 (9th Cir. 2026) (holding noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)."). Additionally, the Government's argument is belied by their own conduct. The OREC states that Petitioner's release was made "[i]n accordance with section 236 of the [INA,]" which is codified as 8 U.S.C. § 1226(a). *See* Dkt. # 18-1 at 2. If Petitioner was truly detained under §1225(b)(2)'s mandatory detention provision, then, he would not have been eligible for release on OREC in the first place. The Government makes no arguments that this initial OREC was somehow mistakenly provided. The Court concludes therefore that Petitioner is detained under § 1226(a), which provides for discretionary rather than mandatory detention. *See* 8 U.S.C. § 1226(a).

Still, any detention scheme must satisfy the Due Process Clause. *See, e.g.*, *Singh v. Noem*, 2026 WL 925627, at *2 (W.D. Wash. Apr. 6, 2026) ("The Due Process Clause applies to [Petitioner] . . . regardless of whether he is subject to detention under § 1225(b)(1), § 1225(b)(2), or § 1226(a)."). The Court thus turns to Petitioner's constitutional argument.

The Fifth Amendment prohibits the federal government from depriving any person "of life, liberty, or property, without due process of the law[.]" U.S. Const. amend. V. The right to due process "applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) (collecting cases).

The traditional test for evaluating due process claims established by *Mathews v. Eldridge*, 424 U.S. 319 (1976), "can and must account for the heightened governmental interest in the immigration detention context." *Rodriguez Diaz v. Garland*, 53 F. 4th 1189, 1206 (9th Cir. 2022).[1] "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews*, 424 U.S. at 333 (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)). Determining whether a governmental action violates due process generally requires consideration of three distinct factors:

---

[1] In *Rodriguez Diaz*, the Ninth Circuit applied the *Mathews* test, but "assume[d] without deciding" that *Mathews* applies in the context of immigration detention. 53 F.4th at 1207. In doing so, the Court recognized that: (1) other circuits have applied *Mathews* to due process challenges to immigration proceedings; (2) the Ninth Circuit has "regularly applied *Mathews* to due process challenges to removal proceedings"; and (3) the Supreme Court has applied *Mathews* in a due process challenge to an immigration exclusion hearing. *Id*. at 1206. More recently, courts in this District have repeatedly applied *Mathews* to evaluate noncitizens' due process challenges to re-detention decisions. *See, e.g.*, *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1321 (W.D. Wash. 2025) (applying *Mathews* to evaluate the constitutionality of the petitioner's re-detention and collecting cases that employ this test in the context of immigration detention); *Ramirez Tesara v. Wamsley*, 800 F. Supp. 3d 1130, 1135 (W.D. Wash. 2025) (applying *Mathews* to evaluate the constitutionality of the petitioner's re-detention); *Kumar v. Wamsley*, 2025 WL 2677089, at *2–3 (W.D. Wash. Sept. 17, 2025) (same); *Ledesma Gonzalez v. Bostock*, 2025 WL 2841574, at *7–8 (W.D. Wash. Oct. 7, 2025) (same); *Tzafir v. Bondi*, 2025 WL 3724708, at *2–4 (W.D. Wash. Dec. 24, 2025) (same). The Court likewise applies the *Mathews* factors here.

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Id.* at 335.

The *Mathews* factors favor Petitioner. He has an unquestionable liberty interest in freedom from detention. *See, e.g.*, *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004) (explaining that freedom from detention "is the most elemental" of private interests affected by official action); *Zadvydas*, 533 U.S. at 690 ("Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects"); *Bd. Of Pardons v. Allen*, 482 U.S. 369, 377–81 (1987) (recognizing that government action can create a liberty interest protected by the Due Process Clause); *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972) (explaining that a release's conditionality "is valuable and must be seen as within the protection of the [Due Process Clause]"). Along with his interest in physical liberty, the fact that Petitioner has a pending asylum claim is also a recognized liberty interest. *See Gonzalez v. Blanche*, 2026 WL 2969175, at *2 (W.D. Wash. October 2, 2026) ("numerous courts have concluded that where, as here, a noncitizen has lived in the community for years while pursuing an affirmative asylum claim . . . he acquires an interest in his continued liberty that may typically only be extinguished through a pre-deprivation hearing.") (collecting cases).

The Government concedes that "[t]his factor weighs in favor of Petitioner." Dkt. # 16 at 7. Even so, they contend that "Petitioner's liberty interest must [ ] be considered diminished given his arrest and conviction while on conditional release from ICE custody." *Id.* at 8. The Court disagrees. While a petitioner's criminal history may be relevant to *the Government's* interest, it bears no relationship to *the Petitioner's* interest in remaining free from confinement.

*Pablo v. Immigr. and Customs Enf't Field Officer Dir.*, 2026 WL 2098018, at *3 (W.D. Wash. Jul. 21, 2026) (citing *Gomez-Lopez v. Hernandez*, 2026 WL 1660359, at *1 (W.D. Wash. June 9, 2026)). Therefore, the first factor favors Petitioner.

The second *Mathews* factor also favors Petitioner, as the risk of erroneous deprivation remains high. "[T]he central issue here is the process by which re-detention occurred, not whether it was warranted." *Fiston v. Bondi*, 2026 WL 926064, at *4 (W.D. Wash. Apr. 6, 2026) (quoting *Gill v. Noem, et al.*, 2026 WL 686124, at *1 (W.D. Wash. Mar. 11, 2026)). And when noncitizens are summarily detained without any notice or procedure, courts in this District conclude that the risk of erroneous deprivation is high. *Fiston*, 2026 WL 926064, at *4. The Government has also presented no evidence that Petitioner's OREC was revoked through the appropriate procedures. *See* Dkt. # 19 at 8 n.4; 8 C.F.R. § 236.1(c)(9) (listing which officials can revoke release and not naming "Deportation Officer"). Since "[t]he risk of erroneous deprivation is significant where the government fails to follow its own procedures," *Mata Perez v. Hernandez*, 2026 WL 1506346, at *7 (W.D. Wash. May 29, 2026), the Court finds the second factor favors the Petitioner.

The third *Mathews* factor weighs the Government's interest in re-detaining Petitioner. *Mathews*, 424 U.S. at 335. This includes "the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Id.* Courts in this District, however, have repeatedly found that "the Government's interest in re-detaining non-citizens previously released without a hearing is low[.]" *Fiston*, 2026 WL 926064, at *4.

The Court also cannot follow the Government's logic that providing a hearing "would impose significant administrative burdens." Dkt. # 16 at 9. The Government already assumes the burden of detaining Petitioner and similarly situated noncitizens for months, and providing noncitizens the possibility of release could alleviates the need to house, feed, and clothe them

throughout their immigration proceedings. And the claim that detainment advances the Government's "interest in protecting the community[,]" is directly contradicted by the IJ's determination that Petitioner is not a danger to the community and would be eligible for release on bond. *See* Dkt. # 16 at 9, 12-1 at 2. Therefore, the third *Mathews* factor favors Petitioner.

In sum, the three *Mathews* factors favor Petitioner. The Court thus concludes that the Government's re-detention of Petitioner without prior notice or opportunity to be heard violated his constitutional right to due process under the Fifth Amendment. As a result, Petitioner has proven be a preponderance of the evidence that he "is in custody in violation of the Constitution or laws or treaties of the United States" and is entitled to habeas relief. 28 U.S.C. § 2241(c).

Last, the Court determines the appropriate remedy. The Government contends that if the Court finds Petitioner's re-detainment unconstitutional, it should "direct the Government to accept the [$5,000] bond that the Immigration Judge ordered in the alternative before [Petitioner] c[an] be released." Dkt. # 14 at 9; *see* Dkt. # 12-1 at 2. The Government's proposed remedy is inadequate. "The purpose of habeas corpus is to return the petitioner 'to the position he would have been in if the [constitutional] violation never occurred.'" *Alvarez*, 2026 WL 2718366, at *7 (alteration in original) (quoting *Lujan v. Garcia*, 734 F.3d 917, 935 (9th Cir. 2013)). For the same reason that the Government cannot deprive Petitioner of his liberty without due process, the Government cannot deprive him of his money either. Should the Government wish to require any bond or conditions of release, it must first use proper procedures to prove that such change in status is lawful and warranted in the first place.

## IV

## CONCLUSION

For these reasons, the Court GRANTS the amended habeas petition (Dkt. #12) and ORDERS that Petitioner be released from custody within 24 hours of this Order, subject to the

same conditions of release that governed before he was re-detained. The Court further ORDERS that Petitioner shall not be re-detained unless and until he is provided adequate notice and a hearing before a neutral decisionmaker.

The Clerk is directed to send uncertified copies of this Order to all counsel of record.

Dated this 23rd day of October, 2026.

John H. Chun

John H. Chun
United States District Judge